UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TODD J. JAY,

        Plaintiff,

v.                                                **DECISION AND ORDER**
                                                         17-CV-59S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

      1.      Plaintiff Todd J. Jay challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since September 1, 2011, due to (1) anxiety disorder, (2) depressive disorder, (3) bipolar disorder, (4) degenerative disc disease, (5) tinnitus, and (6) shoulder problems. Plaintiff contends that his impairments render him unable to work, and thus, that he is entitled to disability benefits under the Act.

      2.      Plaintiff filed an application for disability benefits and supplemental security income on February 21, 2013, which the Commissioner denied on June 7, 2013. Plaintiff thereafter requested a hearing before an ALJ. On April 20, 2015, ALJ Sharon Seeley held a hearing at which Plaintiff appeared with counsel and testified. At the time of the hearing, Plaintiff was 56 years old, had at least a high school education, and was able to communicate in English. The ALJ considered the case *de novo* and, on August 19, 2015, issued a written decision denying Plaintiff's application for benefits. The Appeals Council

1

denied Plaintiff's request for review on December 7, 2016.  Plaintiff filed the current action on January 20, 2017, challenging the Commissioner's final decision.[1]

3. On July 31, 2017, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket No. 11.)  On September 28, 2017, the Commissioner filed a Motion for Judgment on the Pleadings.  (Docket No. 13.)  Plaintiff filed a reply on October 23, 2017 (Docket No. 14), at which time this Court took the matter under advisement without oral argument.  For the following reasons, Plaintiff's motion is granted, and Defendant's motion is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must

---

[1] The ALJ's August 19, 2015 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

7. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the

3

> fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

      8.     Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

      9.     In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2012 (R. at 21);[2] (2) Plaintiff has not engaged in substantial gainful activity since September 1, 2011, the alleged onset date, as amended (R. at 21); (3) Plaintiff's anxiety disorder, depressive disorder, bipolar disorder, and degenerative disc disease are severe impairments within the meaning of the Act (R. at 21); (4) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix

---

[2] Citations to the underlying administrative record are designated as "R."

1 (R. at 22); (5) Plaintiff retained the residual functional capacity ("RFC") to perform a less than full range of light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) (R. at 25);[3] (6) Plaintiff could not perform his past relevant work (R. at 31); and (7) Plaintiff could perform jobs that exist in significant number in the national economy (R. at 32.) Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act during the relevant period—September 1, 2011, through August 19, 2015. (R. at 34.)

10. Plaintiff first argues that the ALJ erred by not properly considering Medical Listing 12.04 for Affective Disorders. Specifically, Plaintiff contends that the ALJ inconsistently found that he has moderate limitations in social functioning at Step 3, but then finding in the RFC that he can have only "occasional interaction with supervisors; and occasional, incidental interaction with co-workers and the general public." (R. at 24-25.) Plaintiff maintains that this inconsistency warrants remand for reconsideration at Step 3, because the RFC restrictions, particularly only incidental interaction with co-workers and the public, exceed a "moderate limitation" finding.

11. At Step 3, an ALJ must consider whether a claimant's impairments meet or equal in severity any of the Medical Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. Under 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii), if the impairments meet or equal the specific requirements of a Listing, a claimant is found disabled per se at Step

---

[3] The ALJ found that Plaintiff retained the RFC to perform a less than full range of light work. Specifically, he could lift, carry, push, and pull twenty pounds frequently; sit for six hours, with the option to alternate at will to standing for ten minutes; stand and/or walk for six hours, alternating at will to sitting for ten minutes; occasionally stop, kneel, crouch, crawl, climb ramps and stairs, and climb ladders, ropes, and scaffolds; perform work that does not involve balancing or exposure to hazards such as unprotected heights or moving machinery; understand, remember, and carry out simple commensurate with such tasks; maintain attention and concentration sufficient for such tasks with two ten-minute breaks in addition to customary breaks; perform work that does not involve frequent change in work routines, processes or settings; have occasional interactions with supervisors; and have occasional, incidental interaction with co-workers and the general public. (R. at 25.)

5

3 and disability benefits are awarded. Plaintiff has the burden of showing that he meets or equals Listing 12.04. See Sullivan v. Zebley, 493 U.S. 521, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); see also 20 C.F.R. Part 404, Subpart P, Appendix 1.

12. Medical Listing 12.04 for Affective Disorders, the Listing that Plaintiff claims the ALJ did not properly consider, provides that "affective disorders" are "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome." Comm'r Regs., Med. Listing § 12.04. "Mood" refers to "a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation." Id. The Listing also provides that "[t]he required level of severity for these disorders is met when the requirement in both A and B are satisfied[.]" Id. Plaintiff's argument centers around paragraph B, which requires that Plaintiff demonstrate at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. See Comm'r Regs., Med. Listing § 12.04.

13. It is well established that a Step 3 determination is not an RFC assessment, but instead is used to rate the severity of mental impairment. See SSR 96-8p. A determination made at Step 3 therefore need not carry over verbatim to the ultimate RFC determination because the two determinations require distinct analysis. See Race v. Colvin, No. 1:14-CV-1357, 2016 WL 3511779, at *3 (N.D.N.Y. May 24, 2016). Nevertheless, the ALJ's RFC determination should still be "proper, internally consistent, and supported by substantial evidence." Id. at *3.

14. Here, Plaintiff claims that he satisfies Paragraph B because he has (1) marked difficulties in maintaining social functioning, and (2) repeated episodes of decompensation, each of extended duration. Although the ALJ found that Plaintiff had only "moderate" difficulties in maintaining social functioning at Step 3, she determined in her RFC analysis that Plaintiff had to be limited to "occasional, incidental" interaction with co-workers and the public and "occasional" interaction with supervisors. Requiring only incidental interaction with others appears to exceed a "moderate limitation."

15. Arguments raising inconsistencies between Step 3 and the RFC typically involve an RFC determination that does not explicitly include a corresponding limitation found at Step 3. See, e.g., Race, 2016 WL 3511779, at *3 (arguing that a restriction found at Step 3 was not incorporated into the RFC). Remand is not typically granted in such cases because a Step 3 finding requires a different analysis than an RFC determination, see Turbeville v. Colvin, No. 1:12-CV-00061, 2014 WL 6605483, at *10-12 (M.D. Tenn. Nov. 19, 2014) ("[Step 3 and the RFC] are separate steps and finding at one step does not necessarily equate to the same finding being made at a later step."), and because limitations in an RFC, such as limiting a claimant to unskilled work, inherently account for Step 3 limitations, see Williams v. Colvin, 98 F. Supp. 3d 614, 633 (W.D.N.Y. 2015) (collecting cases).

16. This case presents the opposite circumstance. Here, the ALJ found more severe limitations in the RFC than listed in her Step 3 finding without explanation. This inconsistency calls into question the ALJ's Step 3 and RFC determinations, and leaves this Court unable to discern the ALJ's reasoning or reconcile her inconsistent findings. This is a salient issue because Plaintiff maintains that he otherwise meets the 12.04

Listing. Further complicating this Court's review is the fact that the RFC limitation at issue appears to stem from the opinions of Ms. Essek, a counselor at Dale Associates whom the ALJ discounted. The Mental Impairment Questionnaire completed by Ms. Essek (Exhibit C30F) seemingly supports the ALJ's RFC determination, but the ALJ specifically stated that she gave "little weight" to Ms. Essek's opinion because statements regarding Plaintiff "[were] not explained and [were] inconsistent with other evidence on record." (R. at 30.) Because this Court cannot glean the ALJ's reasoning or reconcile her inconsistent findings concerning the limitations and the value of Ms. Essek's opinions on the record before it, the Commissioner's decision must be reversed and remanded for reconsideration. See Al Akeel v. Berryhill, No. 1:16-cv-908-DML-WTL, 2017 WL 3668105, at *7 (S.D. Ind. Aug. 25, 2017) (remanding to the Commissioner to resolve internal inconsistency where the ALJ found greater limitations in the RFC than at Step 3).

17. In addition to challenging the ALJ's Step 3 finding, Plaintiff also argues that the ALJ erred by failing to develop the record and by relying on an RFC assessment and vocational expert ("VE") testimony that allegedly conflicts with the Commissioner's own regulatory definitions. This Court offers no opinion on these arguments at this time since the case is being remanded on other grounds. On remand, the ALJ and the parties are free to address these additional issues to the extent necessary.

18. After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:    August 2, 2018
             Buffalo, New York

                           /s/William M. Skretny
                           WILLIAM M. SKRETNY
                           United States District Judge